# Exhibit A-3

FILED
3/28/2018 2:41 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:18-cv-00869-M   Document 1-7   Filed 04/09/18   Page 2 of 9   PageID 25

## CAUSE NO. CC-18-01606-C

| | | |
|---|---|---|
| IN RE: | § | **IN COUNTY COURT** |
| | § | |
| **DAVID LEMUS** | § | |
| | § | **AT LAW NO. 3** |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## PETITIONER'S VERIFIED AMENDED ORIGINAL PETITION TO TAKE PRE-SUIT WRITTEN QUESTION DEPOSITION PURSUANT TO RULE 202

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Petitioner, AMPARO CAMACHO, and asks the Court for permission to take a deposition by Written Question Examination to obtain testimony to investigate a potential claim as allowed by Texas Rule of Civil Procedure 202, and in support would show the following:

### INTRODUCTION

1.      Petitioner, Amparo Camacho, is an individual who resides in Dallas County, Texas who may be contacted only through her undersigned attorney of record.

2.      The following person is sought to be deposed:

- David Lemus, an individual who resides at 3527 Durango Dr., Dallas, Texas 75220, in Dallas County, Texas.

### BACKGROUND

3.      Petitioner seeks to obtain deposition testimony in order to investigate a potential claim by petitioner.

4.      A lawsuit is anticipated against Atmos Energy Corporation at this time.  Notice of this Petition shall be served upon Atmos Energy Corporation by and through its registered agent: Corporation Services Company 211 East 7th Street, Suite 620 Austin, Texas 78701 by the

undersigned prior to any hearing in this matter.

5.      This petition is filed in Dallas County, Texas, where on information and reasonable belief, David Lemus resides.

### BACKGROUND FACTS RELATED TO THE OCCURRENCE IN QUESTION

6.      On February 23, 2018, Linda Michelle Rogers was killed by an explosion of natural gas leaking from a pipeline owned, operated, controlled and maintained (or in this case *not* maintained in compliance with the minimum applicable safety regulations) by Atmos.  Sometime after the explosion, Linda Michelle Rogers died and multiple attempts at resuscitation failed. Linda Michelle Rogers' brother, D.R., was severely and permanently injured in the explosion.   Linda Michelle Rogers' grandmother, Amparo Camacho, was severely injured with multiple broken bones, brain trauma and lacerations. Her parents, Maria and Jose Fiscal both suffered injuries and witnessed and experienced the explosion; afterwards they held Linda while she expired.  The home and virtually all of the property of all of the Plaintiffs that was in and around the home were destroyed.

7.      The home at 3534 Espanola Drive where all of the Plaintiffs lived prior to its destruction was surrounded by the Atmos system.   In the alley to the south, between Espanola and Durango (hereafter "the alley") a pipe served each of the residences on the south side of Espanola and the north side of Durango for the 3500 block of each street.  This pipe is part of a distribution network of pipelines that blanket Dallas County. The system is constructed through a mismatched Frankensteinian array of pipes, couplings, fittings and valves.  The system has coated steel pipes (that require cathodic protection as seen in the system in the alley), bare-steel pipes, old to ancient cast iron pipes, and medium density polyethylene pipes.  The pipes of various materials are joined through poor integrity Dresser

couplings, compression couplings, ferrous welds and butt-fusion welds. As built and as maintained, the system cannot be maintained in compliance with the minimum safety rules and regulations when operated in the manner it is operated by Atmos.

8.     For want of any accountability for the gross violations of the safety regulations that caused these events, Plaintiffs will present themselves before the Court asking the judicial branch for assistance to secure a safe future; safe from the perils that Atmos' operation presents while Texas' executive branch continues to utterly fail Plaintiffs and residents of Dallas County.

9.     The system is required to be maintained and operated in accordance with the minimum safety regulations set forth in 49 CFR parts 190 – 192 as adopted by 16 TAC Chapter 8. Atmos does not maintain its system as required by these safety regulations. Their failure to do so has led to over 4,000 recent pipeline leaks, including at least 28 in and around the 3500 block of the Espanola/Durango alley in February 2018. These leaks form from a combination of mechanical and corrosion damage that Atmos is duty-bound at all times to *prevent*. The regulations do not merely address the requirement to repair pipes; the regulations require operation that *prevents* the leaks.

10.     More regionally, but within the borders of just the State of Texas, Atmos has repaired over 200,000 leaks since 2003 – just in the Mid-Tex division – through a pattern of intentional recalcitrance that pads its financial bottom line. The total number of undetected and unrepaired leaks is unknown, but believed to be very high due to Atmos' inadequate leak surveys.

**Timeline of events in January and February 2018**

11.     In early January 2018, Atmos realized it needed to repair leaks in the 3500

block of the Espanola/Durango alley.  A right-of-way permit was applied for and obtained by Atmos from January 11 – 18, 2018.  Specifically three areas required excavation, pipeline repair and resurfacing.  Atmos never performed the repairs.

12.     During all of February 2018, gas leaked from the Atmos pipeline in the 3500 block of the Espanola/Durango alley. February weather was unseasonably, but foreseeably, wet.

13.     On February 20, 2018, the smell of fugitive gas and anomalies in the alleyway behind her home caused Plaintiff Maria Rogers to contact Atmos.  Atmos was dismissive and refused to respond to this alarm in northwest Dallas as required by 49 CFR Part 192.

14.     On February 21, 2018, fugitive gas continued leaking from the Atmos line, but due to the moisture conditions in the upper of the soil, the fugitive gas could not readily escape to the surface and migrated through the sub-surface soil; it instead collected under 3527 Durango (across the alley from 3534 Espanola) in the crawl space where the soil was dry and protected from the weather.  As the gas collected, it accumulated to an explosive level and found an ignition point.  At that moment the gas exploded and destroyed that residence.  Atmos' investigation suggests that this fire may have been the result of appliances in use at the time of the explosion.

15.     After this explosion, Atmos did nothing to investigate or inspect its lines or initiate its emergency response plan as required in 49 CFR Part 192.  Instead, Atmos continued pushing explosive gas from the leaks at increased pressure.

16.     On February 22, 2018, the fugitive gas continued escaping from the Atmos line unabated.  The gas found a pathway under 3515 Durango.  As the gas collected there, it accumulated to an explosive level and found an ignition point at a stove the resident, Mr.

Portillo, was beginning to use.  At that moment the gas exploded and destroyed the residence. Mr. Portillo was injured.

17.     After this explosion, Atmos did nothing to investigate or inspect its lines. Rather, Atmos lied to the Texas Railroad Commission and blamed cooking activity.

18.     Atmos continued pushing fugitive gas through the leaking pipes, which spread in the subsurface toward the Plaintiffs home.

19.     On February 23, 2018, the fugitive gas continued to leak from the Espanola/Durango alley of the 3500 block – unabated.  In the early morning hours Maria, Jose, Amparo, D.R., Linda, were asleep in the home.  Linda Michelle Rogers was awake, excitedly preparing for her school cheer competitions.   During this time, gas was accumulating in the crawl space of 3534 Espanola Drive.   As the gas collected, it accumulated to an explosive level and found an ignition point.  At that moment, the gas exploded and destroyed the residence.  Each of the residents in the home at the time suffered tremendous conscious physical pain and anguish from the blunt force of the blast and the heat of the incinerating fire.

20.     Although compliance with 49 CFR 190 – 192 is not optional, Atmos refuses to comply with these few and rather simple regulations along with numerous industry codes and standards covering compliance details.  The RRC is aware of but nevertheless allows Atmos' deadly conduct to continue unabated. But for Atmos' failure to comply with these regulations and the RRC to enforce the regulations, the events of February 21, 22 and 23, 2018, would not have occurred.  These knowing failures to comply with the regulations were reasonably certain to cause and did cause the results that Atmos inflicted on Plaintiffs on February 23, 2018.  This conduct is murder as defined by the Texas Penal Code.

## REQUEST TO DEPOSE

21.     Petitioner asks the Court to issue an order authorizing her to examine David Lemus, by written question deposition, where Petitioner expects to elicit information relevant to an accident which occurred on February 21 or 22, 2018 and what gas appliances, if any, were in use. Efforts to contact Mr. Lemus to date have been unsuccessful.

22.     Petitioner seeks to investigate the involvement and/or observations of other homeowner explosion victims concerning the use of appliances and home implements.

23.     Petitioner needs to depose David Lemus because the information sought will help Petitioner comply with her duty to investigate.

24.     The likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

## HEARING

25.     After service of this petition and notice, Rule 202.3(a) requires that the Court hold a hearing on the petition.

## PRAYER

26.     WHEREFORE PREMISES CONSIDERED, Petitioner asks the Court to set this petition for hearing and, after the hearing, to order the deposition by written question of David Lemus.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, P.C.**

By:     */s/ Richard Mann*
        **Richard Mann**
        State Bar No. 24079640
        **rmann@tedlyon.com**
        **Marquette Wolf**
        State Bar No. 00797685
        mwolf@tedlyon.com

        Town East Tower, Suite 525
        18601 LBJ Freeway
        Mesquite, Texas 75150
        Telephone:  (972) 279-6571
        Facsimile:  (972) 279-3021

        **ATTORNEY FOR PETITIONER**

## VERIFICATION

STATE OF TEXAS                              §
                                           §
COUNTY OF DALLAS                           §

Before me, the undersigned notary, on this day personally appeared Marquette Wolf, a person whose identity is known to me.  After I administered an oath to him, upon his oath he said he read the foregoing Verified Petition to Take Deposition Before Suit and that the facts stated are within his personal knowledge and are true and correct.

_____
MARQUETTE WOLF

SIGNED before me on March 28th, 2018.

_____
Notary Public in and for The State of Texas

My commission expires on: 4-15-2020

BONNIE DURAN
My Notary ID # 10499301
Expires April 15, 2020