IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARIA ROGERS, INDIVIDUALLY AND anf of D.R. AND AS REPRESENTATIVE OF THE ESTATE OF LINDA MICHELLE ROGERS, DECEASED, JOSE FISCAL AND AMPARO CAMACHO** *Plaintiffs* | CASE NO. 3:18-cv-0869-M |
| VS. | FIRST AMENDED COMPLAINT |
| **ATMOS ENERGY CORPORATION** *Defendant* | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Subject to their motion to remand (Doc. 5) and without waiving any right to remand of the captioned action to state court, Plaintiffs Maria Rogers, individually and as representative of the Estate of Linda Michelle Rogers, deceased, and as next friend of D.R., her son; Jose Fiscal, and Amparo Camacho, hereinafter referred to as "Plaintiffs", as a matter of course under Fed. R. Civ. P. 15(a)(1), file their first amended complaint against Atmos Energy Corporation, hereinafter referred to from time to time as "Defendant" or "Atmos", and for cause of action would respectfully show the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN AND NOTICE OF RELATED CASE**

1. Pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE, discovery will be conducted under Level III. Plaintiffs seek monetary relief over $1,000,000.00 as the principal relief sought; and seek additional relief.

2. Pursuant to **L.R 1.08** the undersigned provides mandatory notice that a related case connected with the occurrence in question was previously filed: CC-18-01606-C. That case was assigned to County Court at Law 3. Pursuant to **L.R. 1.07** this case shall be transferred to said court.

## II.
### PARTIES

3. Plaintiff Maria Rogers is an individual who also appears as representative of the Estate of Linda Michelle Rogers, Deceased, who died intestate on February 23, 2018. Maria Rogers also appears as next friend of D.R., her minor child. Jose Fiscal appears on his own behalf. Amparo Camacho is an individual appearing on her own behalf. All of the above-reference parties are Plaintiffs residing in Dallas County, Texas. As Plaintiffs herein they may only be contacted via their undersigned counsel.

4. Atmos Energy Corporation is the Defendant. It is headquartered in Dallas County, Texas, and incorporated in Texas, (according to itself) is one of the country's largest natural gas distributors based on number of customers. Atmos delivers natural gas through regulated sales and transportation arrangements to over three million residential, commercial, public authority and industrial customers in eight states located primarily in the South. Atmos also operates one of the largest intrastate pipelines in Texas based on miles of pipe. Over 1.6 million homes and businesses receive gas through the division of Atmos operating in the Dallas County area. Atmos can be served with process and commanded to answer and appear herein by serving its registered agent for service: Corporation Services Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### III.
### VENUE AND JURISDECTION

5. Venue is proper in Dallas County, Texas, pursuant to § 15.002(a)(3) of the Civil Practice and Remedies Code because Dallas County, Texas is the county where Atmos maintains its principal office and because all of the events complained of herein that occurred on and before February 23, 2018 occurred Dallas County, Texas.  Jurisdiction is proper because the amount in controversy is within the jurisdictional limits of this Court.

### IV.
### VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

6. Whenever it is alleged in this petition that Atmos did or failed to do anything, it is meant that Atmos acting by and through its agents, predecessor in interest in the relevant pipeline, predecessor in ownership of the relevant pipeline, employees, principals and vice principals acted or failed to act as alleged.  The actions and failures of Atmos that caused the events described below were actions of its vice principals and/or actions approved and ratified by the corporation and the corporation breached non-delegable duties.

### V.
### FACTUAL PREDICATE

7. On February 23, 2018, Linda Michelle Rogers was killed by an explosion of natural gas leaking from a pipeline owned, operated, controlled and maintained (or in this case *not* maintained in compliance with the minimum applicable safety regulations) by Atmos. Sometime after the explosion, Linda Michelle Rogers died and multiple attempts at resuscitation failed. Linda Michelle Rogers' brother, D.R., was severely and permanently injured in the explosion.  Linda Michelle Rogers' grandmother, Amparo Camacho, was severely injured with multiple broken bones, brain trauma and lacerations. Her parents,

Maria and Jose Fiscal both suffered injuries and witnessed and experienced the explosion; afterwards they held Linda while she expired. The home and virtually all of the property of all of the Plaintiffs that was in and around the home were destroyed.

The result of what Atmos' practices and operations caused is fairly demonstrated in figure 1 below:



**Figure 1**: 3534 Espanola Drive shown. The home was blown from its beams, slightly rotated destroying virtually every internal structure and mechanical system in the home.

8. The home at 3534 Espanola Drive where all of the Plaintiffs lived prior to its destruction was surrounded by the Atmos system. In the alley to the south, between Espanola and Durango (hereafter "the alley") a pipe served each of the residences on the south side of Espanola and the north side of Durango for the 3500 block of each street. This pipe is part of a distribution network of pipelines that blanket Dallas County. The system is constructed through a mismatched Frankensteinian array of pipes, couplings, fittings and valves. The system has coated steel pipes (that require cathodic protection as seen in the system in the alley), bare-steel pipes, old to ancient cast iron pipes, and medium density

polyethylene pipes. The pipes of various materials are joined through poor integrity Dresser couplings, compression couplings, ferrous welds and butt-fusion welds. As built and as maintained, the system cannot be maintained in compliance with the minimum safety rules and regulations when operated in the manner it is operated by Atmos.

9. For want of any accountability for the gross violations of the safety regulations that caused these events, Plaintiffs will present themselves before the Court asking the judicial branch for assistance to secure a safe future; safe from the perils that Atmos' operation presents while Texas' executive branch continues to utterly fail Plaintiffs and residents of Dallas County.

10. The system is required to be maintained and operated in accordance with the minimum safety regulations set forth in 49 CFR parts 190 – 192 as adopted by 16 TAC Chapter 8. Atmos does not maintain its system as required by these safety regulations. Their failure to do so has led to over 4,000 recent pipeline leaks, including at least 28 in and around the 3500 block of the Espanola/Durango alley in February 2018. These leaks form from a combination of mechanical and corrosion damage that Atmos is duty-bound at all times to *prevent*. The regulations do not merely address the requirement to repair pipes; the regulations require operation that *prevents* the leaks.

11. More regionally, but within the borders of just the State of Texas, Atmos has repaired over 200,000 leaks since 2003 – just in the Mid-Tex division – through a pattern of intentional recalcitrance that pads its financial bottom line. The total number of undetected and unrepaired leaks is unknown but believed to be very high due to Atmos' inadequate leak surveys.

**Lost and Unaccounted for Gas**

12. Atmos is divided into multiple divisions. The division in Texas that operates the culprit system is the Mid-Tex division. Atmos Mid-Tex (Atmos) meters the gas it distributes at a "city gate". Atmos then meters the gas again at customer meters. On an annual basis Atmos loses – lost and unaccounted for gas massive amounts of gas through its porous system – 123,000,000,000 cubic feet of natural gas in the past few years. Most of the 123 billion cubic feet is forced through leaks in Atmos' system. The system has so many leaks that Atmos pushing millions of cubic feet per day of fugitive gas into the environment – intentionally.

**Timeline of events in January and February 2018**

13. In early January 2018, Atmos realized it needed to repair leaks in the 3500 block of the Espanola/Durango alley. A right-of-way permit was applied for and obtained by Atmos from January 11 – 18, 2018. Specifically, three areas required excavation, pipeline repair and resurfacing. Atmos never performed the repairs.

14. During all of February 2018, gas leaked from the Atmos pipeline in the 3500 block of the Espanola/Durango alley. February weather was unseasonably, but foreseeably, wet.

15. On February 20, 2018, the smell of fugitive gas and anomalies in the alleyway behind her home caused Plaintiff Maria Rogers to contact Atmos. Atmos was dismissive and refused to respond to this alarm in northwest Dallas as required by 49 CFR Part 192.

16. On February 21, 2018, fugitive gas continued leaking from the Atmos line, but due to the moisture conditions in the upper of the soil, the fugitive gas could not readily escape to the surface and migrated through the sub-surface soil; it instead collected under 3527 Durango (across the alley from 3534 Espanola) in the crawl space where the soil was dry

and protected from the weather. As the gas collected, it accumulated to an explosive level and found an ignition point. At that moment the gas exploded and destroyed that residence.

17. After this explosion, Atmos did nothing to investigate or inspect its lines or initiate its emergency response plan as required in 49 CFR Part 192. Instead, Atmos continued pushing explosive gas from the leaks at increased pressure.

18. On February 22, 2018, the fugitive gas continued escaping from the Atmos line unabated. The gas found a pathway under 3515 Durango. As the gas collected there, it accumulated to an explosive level and found an ignition point at a stove the resident, Mr. Portillo, was beginning to use. At that moment the gas exploded and destroyed the residence. Mr. Portillo was injured.

19. After this explosion, Atmos did nothing to investigate or inspect its lines. Rather, Atmos lied to the Texas Railroad Commission and blamed cooking activity.

20. Atmos continued pushing fugitive gas through the leaking pipes, which spread in the subsurface toward the Plaintiffs home.

21. On February 23, 2018, the fugitive gas continued to leak from the Espanola/Durango alley of the 3500 block – unabated. In the early morning hours Maria, Jose, Amparo, D.R., Linda, were asleep in the home. Linda Michelle Rogers was awake, excitedly preparing for her school cheer competitions. During this time, gas was accumulating in the crawl space of 3534 Espanola Drive. As the gas collected, it accumulated to an explosive level and found an ignition point. At that moment, the gas exploded and destroyed the residence. Each of the residents in the home at the time suffered

tremendous conscious physical pain and anguish from the blunt force of the blast and the heat of the incinerating fire.

22. Atmos' leak prevention and leak experience in its system is the worst in the country when compared to any other operator in the United States. Atmos has designed practices and procedures that promote the formation of unabated leaks throughout its system. Atmos exploits a cozy relationship with the Texas Railroad Commission (RRC), the regulatory body for Texas intrastate pipelines. RRC inexplicably countenances Atmos' failures toward public safety. The RRC has not enforced safe operation of the Atmos system, but instead tolerates and thus encourages the deadly behavior of Atmos. Not coincidentally, year after year RRC officials leave the regulatory body only to find themselves warmly received by Atmos and its consultants. By way of example, Mary McDaniel had a 27-year tenure with the RRC and spent 7 years with RRC's Pipeline Safety office. McDaniel left the RRC for BakerRisk who presently consults with the RRC **and with** Atmos. BakerRisk was the primary coordinator for Atmos following the triple explosion events in the 3500 block of Durango and Espanola.

23. As will be addressed in future filings by Plaintiffs following initial discovery, the RRC's abdication of its regulatory responsibilities in connection with the Atmos system will require Plaintiffs to seek additional, extraordinary relief by way of permanent injunction.

24. In the hours and days following the three house explosions, Atmos and the RRC identified 28 leaks of which the RRC was previously unaware.

25. Although compliance with 49 CFR 190 – 192 is not optional, Atmos refuses to comply with these few and rather simple regulations along with numerous industry codes and standards covering compliance details. The RRC is aware of but nevertheless allows

Atmos' deadly conduct to continue unabated. But for Atmos' failure to comply with these regulations and the RRC to enforce the regulations, the events of February 21, 22 and 23, 2018, would not have occurred. These knowing failures to comply with the regulations were reasonably certain to cause and did cause the results that Atmos inflicted on Plaintiffs on February 23, 2018. This conduct is murder as defined by the Texas Penal Code.

## VI.
## CONDUCT OF ATMOS AND LIABILITY

26. The conduct of the Atmos constitutes negligence in failing to exercise ordinary care as outlined above. The conduct of Atmos constitutes negligence *per se* for violations of 49 CFR 190 – 192, 199. The conduct of Atmos constitutes gross negligence, aggravated assault, injury to the elderly and murder as described in Civil Practice & Remedies Code, Sec. 41.008 under the *knowing* standard set for there and in the Texas Penal Code. Such conduct was a proximate cause of the occurrence, injuries, damages and death in question. But for Atmos' actions and failures, the occurrence, injuries and death in question would not have happened. These events and damages were the foreseeable result of the conduct of Atmos.

27. Ordinary care required Atmos to follow the minimum safety regulations; Atmos did not do so. State law and federal regulations were violated. The regulations that Atmos violated which were a proximate cause of the gas leaks from it system that exploded include, but are not limited to the following from 49 CFR:

- 191.23
- 191.25
- 192.273
- 192.455
- 192.461
- 192.463
- 192.465
- 192.447
- 192.483
- 192.487
- 192.603
- 192.605
- 192.613
- 192.614
- 192.615

- 192.616
- 192.617
- 192.625
- 192.703

- 192.721
- 192.723
- 192.751
- 192.753

- 192.733
- 192.1001
- 192.1007
- 192.1011

## BACKGROUND

28. By way of clarification, the fugitive gas, which caused these explosions, was pushed into the soils near Plaintiffs' and Intervenors' homes by Atmos Energy Corporation (Atmos). The pipeline system that leaked the gas begins and terminates within the borders of Texas. All relevant portions of the pipeline were buried in Dallas County, Texas in approximately 1946 - 1947. The pipeline operator has to follow mandatory, minimum safety regulations. Those regulations are made and enforced by the State of Texas.

29. All of the regulations relevant to the operation of the culprit pipeline and violations by the operator relevant to the explosions are Texas' regulations. See page 5 above. By way of supplementation, Plaintiffs and Intervenors are providing the Court with an explanation of how the regulations apply and are enforced.

30. Gas pipelines follow a pattern of federal regulations found at 49 CFR Part 192. Texas adopted these regulations as Texas' own regulations. The regulatory body in Texas concerning these regulations is the Railroad Commission. When enforcing these regulations, the Texas regulations are coded and applied using the federal regulation description.

31. To demonstrate the interplay between the state regulations that use the federal nomenclature, see Exhibit A, Railroad Commission of Texas, Safety Division, Evaluations with Violations Report. The attached is an excerpt of a 377-page summary of the regulation violation history of the MidTex Division of Atmos. The MidTex Division is the operator of the culprit pipeline.

32. By way of example, page 2 of Exhibit A, the Texas requirement is described as a CFR reference. For Evaluation ID 20121148 the Railroad Commission describes the requirement as 49 CFR 192.613(a). Texas' violation code is codified as 192-613-005. That particular violation by Atmos in Dallas, Texas dealt with Atmos' failure to take or complete appropriate action as a result of changes in leakage history. During a 12-month period, more than ten percent of the gas in Atmos' system became fugitive (lost and unaccounted for).

33. This example clarifies that while Texas is adopting the naming conventions of the CFR related to gas pipeline operation, these regulations are Texas' own. They are adopted by Texas, implemented by Texas, and as seen in Exhibit A, enforced by Texas. No federal question is implicated.

## VII.
## Civil Prac. & Rem. Code Chapter 71

34. This lawsuit is brought in part under the provisions of the Wrongful Death Act of the State of Texas. Additionally, this case is brought for the recovery of damage under the Survival Statute of the State of Texas for the Estate of Linda Michelle Rogers.

## VIII.
## Notice of Intent

35. Plaintiffs hereby notify Atmos of their intent to avail themselves to all available relief pursuant to the Texas Deceptive Trade Practices Act. Plaintiffs shall amend or supplement this Petition in connection with the events that made the basis of the claims herein not sooner than sixty days from filing of this Petition.

# IX.
# DAMAGES

*Principal Relief Sought*

36. Plaintiff Maria Rogers would show that by reason of the occurrence in question, she has suffered pecuniary losses in the past and future, loss of household services both in the past and future, loss of companionship and society in the past and will continue to suffer such losses in the future, mental anguish in the past and future all due to child's death, and, as a result of witnessing as a bystander the event of her child's death, has suffered mental anguish in the past and in all reasonable probability will continue to do so in the future.  Additionally, in connection with the injuries to her minor child D.R., Maria Rogers suffers medical care related damages in the past and will continue to do so in the future.

37. Plaintiff Jose Fiscal would show that by reason of the occurrence in question, he has suffered loss of companionship and society in the past and will continue to suffer such losses in the future, mental anguish in the past and future all due to his child's death, and, as a result of witnessing as a bystander the event of his child's death, has suffered mental anguish in the past and in all reasonable probability will continue to do so in the future.

38. D.R. would show that as a result of the occurrence in question he has suffered physical pain and mental anguish as a result of his injuries, permanent disabilities, loss of hearing and mental anguish as a result of being a bystander to the death of his sister Linda Rogers.

39. Amparo Camacho, grandmother of Linda Rogers, as a result of the occurrence in question she has suffered physical pain and mental anguish as a result of his injuries, permanent disabilities from multiple injuries and broken bones as a result of the

explosion and mental anguish as a result of being a bystander to the death of her granddaughter Linda.

40. Linda Michelle Rogers suffered damages and her Estate by and through Maria Rogers brings claims pursuant to Civil Practice & Remedies Code, Sec. 71.021 for all available remedies provided there. The Estate suffers damages related to burial.

41. Each of the Plaintiffs have suffered elements of the following damages:

Physical and mental pain and anguish, past and in all probability will continue to for the balance of their lives; medical expenses, past and future; loss of consortium, past and future; loss of wages and wage earning capacity, past and future; pecuniary losses, past and future, impairment, past and future, property loss from the destruction of real and personal property, disfigurement and damages provided under Chapter 71 of the Texas Civil Practice and Remedies code.  All Plaintiffs are seeking exemplary damages for which they now sue.

42. Plaintiffs reserve the right to plead for additional equitable relief.

## X.
### GROSS NEGLIGENCE, AGGRAVATED ASSAULT AND MURDER

43. Plaintiffs, including Maria Rogers, her son D.R., Jose Fiscal and Amparo Camacho would respectfully show this Court and a jury that the injuries and damages of Plaintiffs were caused by the gross negligence of Atmos including the acting by and through Atmos' employees, agents, officers and representatives in the course of employment for Atmos.  Plaintiffs would further show, at the time and on the occasion in question, Atmos' actions and/or inactions constituted intentional, heedless and reckless disregard for the rights and safety of Plaintiffs, exhibiting such an entire want of care as to indicate their conduct was the result of conscious indifference to the rights, welfare, and safety of

others, including the Decedent herein. Accordingly, Atmos should be held liable to Plaintiffs for exemplary damages in an amount calculated to punish the Defendants. The level of culpability is at least to a level of knowing, if not intentional. Plaintiffs therefore bring suit here against Atmos pursuant to Civil Practice & Remedies Code, Sec. 41.008(c)(1), (4) and (7).

44. Additionally, Atmos grossly negligently and recklessly hired and retained unfit and incompetent maintenance personnel, agents, supervisors and management. As a result of personnel decisions of Atmos, from top executive to field level workers, the Atmos system was operated fully in violation of the minimum safety standards applicable to the system that were designed to prevent the occurrence in question. Atmos also breached non-delegable duties of the corporation.

## XI.
### DOCUMENTS TO BE USED

45. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby give notice to Atmos of their intent to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses) during the trial of this matter.

## XII.
### PLAINTIFFS' REQUEST FOR DISCLOSURE TO ATMOS

46. Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Plaintiff propounds this Request for Disclosure to Defendant Atmos. Atmos has 50 days from the date of service to provide all the information detailed in Rule 194.2 (a) through (k). This Request for Disclosure incorporates all requirements embodied in Rule 194.2 (a) through (k) as set forth fully herein for all purposes.

## XIII.

47. Plaintiffs expressly reserve the right to amend their petition anytime to show any additional facts, circumstances, causes of action, and relief and damages, if necessary. All conditions precedent has been performed or has occurred.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Atmos be cited to appear and answer herein, and that upon final trial, Plaintiffs have judgment against Atmos for all damages proved, all of which are within the jurisdictional limits of this Court, cost of court, exemplary damages, pre-judgment and post-judgment interest in accordance with the law and all other appropriate relief to which Plaintiffs show themselves justly entitled both at law and in equity; that the events which gave rise to the causes of action described above never again be allowed to again manifest.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, P.C.**

By: /s/ Marquette Wolf
**MARQUETTE WOLF**
State Bar No. 00797685
mwolf@tedlyon.com
**TED B. LYON**
State Bar No. 12741500
tblyon@tedlyon.com
**RICHARD MANN**
State Bar No. 24079640
rmann@tedlyon.com

18601 LBJ Freeway, Suite 525
Mesquite, Texas  75150
Phone (972) 279-6571
Fax     (972) 279-3021

**BURT BARR & ASSOC., P.C.**

By: /s/ John Barr
**JOHN BARR**
State Bar No. 01798700
jbarr@bbarr.com
**FOREST NELSON**
State Bar No. 14906905
fnelson@bbarr.com
**MARY CHRISTIAN BARR**
State Bar No. 24082586
mcbarr@bbarr.com

203 E. Colorado Blvd.
Dallas, Texas 75203
Telephone: (214) 943-0012
Facsimile: (214) 943-0013

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

On April 24, 2018, I electronically filed the foregoing document with the clerk for the Northern District of Texas, using the court's electronic case filing system. I hereby certify that I have served all counsel and *pro se* parties of record electronically on the or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ M. Forest Nelson
M. FOREST NELSON

# EXHIBIT A

Railroad Commission of Texas
Safety Division
Evaluations with Violations Report
from 01/1/2007 to 04/1/2018
Search Criteria: Company ID: 6776; System Type: ALL; County: All;

4/18/18 11:17 AM

Page 1 of 377

| Evaluation ID | System | | | Evaluation Begin Date | Evaluation End Date | Activity/Classification | IP ID |
|---|---|---|---|---|---|---|---|
| Company: 6776 | | ATMOS ENERGY CORP., MID-TEX DIVISION | | | | | |
| 20070385 | 610304 | IRVING | | 01/15/2007 | 02/06/2007 | Specialized/Accident | 31533 |
| | Requirement | Violation Code | Violation Status | Description | | | |
| | 49 CFR 192.703(c) | 192-703-002 | Complete | A hazardous leak(s) at the listed site(s) was not repaired promptly. | | | |
| 20070389 | 612026 | HALTOM CITY | | 01/05/2007 | 01/12/2007 | Standard/Comprehensive | 31219 |
| | Requirement | Violation Code | Violation Status | Description | | | |
| | 49 CFR 192.721(b)(2) | 192-721-004 | Complete | Outside business districts, distribution mains were not patrolled at intervals not exceeding 7-1/2 months, but at least twice each calendar year in places or on structures where anticipated physical movement or external loading could cause failure or leakage. | | | |
| | 49 CFR 192.469 | 192-469-001 | Complete | Pipeline(s) at the listed location(s) did not have enough test stations or other contact points for electrical measurement to determine the cathodic protection's adequacy. | | | |
| | 49 CFR 192.465(d) | 192-465-006 | Complete | Prompt remedial action was not taken to correct cathodic protection deficiencies found at the listed location(s). | | | |
| | 49 CFR 192.463(a) | 192-463-001 | Complete | The level of cathodic protection for the pipe system(s) listed below did not meet one or more of the criteria specified in Appendix D, Code of Federal Regulations. | | | |
| 20070390 | 612027 | RICHLAND HILLS | | 01/05/2007 | 01/12/2007 | Standard/Comprehensive | 31219 |
| | Requirement | Violation Code | Violation Status | Description | | | |
| | 49 CFR 192.469 | 192-469-001 | Complete | Pipeline(s) at the listed location(s) did not have enough test stations or other contact points for electrical measurement to determine the cathodic protection's adequacy. | | | |
| 20070401 | 610143 | DALLAS ML-181, 189 & 218 | | 01/16/2007 | 01/18/2007 | Standard/Comprehensive | 31246 |
| | Requirement | Violation Code | Violation Status | Description | | | |
| | 49 CFR 192.479(a) | 192-479-006 | Complete | Each pipeline or portion of pipeline exposed to the atmosphere was not cleaned and coated. | | | |

4/18/18 11:18 AM

Railroad Commission of Texas
Safety Division
Evaluations with Violations Report
from 01/1/2007 to 04/1/2018
Search Criteria: Company ID: 6776; System Type: ALL; County: All;

Page 182 of 377

| Evaluation ID | System | Requirement | Violation Code | Violation Status | Description | Evaluation Begin Date | Evaluation End Date | Activity/Classification | IP ID |
|---|---|---|---|---|---|---|---|---|---|
| | | 49 CFR 192.479(a) | 192-479-006 | Complete | Each pipeline or portion of pipeline exposed to the atmosphere was not cleaned and coated. | | | | |
| 20120974 | 611478 GORMAN | | | | | 04/11/2012 | 04/12/2012 | Standard/Comprehensive | 105781 |
| | | 49 CFR 192.479(a) | 192-479-006 | Complete | Each pipeline or portion of pipeline exposed to the atmosphere was not cleaned and coated. | | | | |
| | | 49 CFR 192.613(b) | 192-613-003 | Complete | The listed pipeline segment(s) was found in unsatisfactory condition, but there was no program to recondition or phase out the segment(s). | | | | |
| 20121047 | 610237 GAINESVILLE & HP 75# | | | | | 04/16/2012 | 04/20/2012 | Standard/Comprehensive | 105803 |
| | | 49 CFR 192.613(a) | 192-613-002 | Complete | Repaired leaks were monitored, and gas concentrations were found in the ground at the following locations: | | | | |
| | | 49 CFR 192.463(a) | 192-463-001 | Complete | The level of cathodic protection for the pipe system(s) listed below did not meet one or more of the criteria specified in Appendix D, Code of Federal Regulations. | | | | |
| 20121148 | 410115 BARTLETT | | | | | 04/30/2012 | 05/04/2012 | Standard/Comprehensive | 105878 |
| | | 49 CFR 192.613(a) | 192-613-005 | Complete | Lost and unaccounted for gas was reviewed, and was found to be above ten percent for the twelve month June ending period. Appropriate action had not been initiated or continued concerning these changes in leakage history. | | | | |
| 20121248 | 610134 DALLAS | | | | | 05/07/2012 | 05/22/2012 | Standard/Comprehensive | 105930 |
| | | 49 CFR 192.463(a) | 192-463-001 | Complete | The level of cathodic protection for the pipe system(s) listed below did not meet one or more of the criteria specified in Appendix D, Code of Federal Regulations. | | | | |

4/18/18 11:18 AM

Railroad Commission of Texas
Safety Division
Evaluations with Violations Report
from 01/1/2007 to 04/1/2018
Search Criteria: Company ID: 6776; System Type: ALL; County: All;

Page 377 of 377

| Evaluation ID | System | Requirement | Violation Code | Violation Status | Description | Evaluation Begin Date | Evaluation End Date | Activity/Classification | IP ID |
|---|---|---|---|---|---|---|---|---|---|
| | | Title 16, 8.208(g) | 16C-208-007 | Complete | The operator did not remove and replace all compression couplings at currently known service riser installations that were not manufactured and/or installed in accordance with ASTM D2513 specifications for Category 1 fittings by November 30, 2009. | | | | |
| 20180278 | 612673 WHITE SETTLEMENT | | | | | 02/20/2018 | 02/23/2018 | Standard/Comprehensive | 117301 |
| | | Title, 16 8.207(c)(3) | 16C-207-019 | Pending | The operator did not schedule a repair within the criteria stated in 8.207(c)(3). | | | | |
| 20180542 | 310325 FORNEY | | | | | 03/26/2018 | 03/29/2018 | Standard/Comprehensive | 117585 |
| | | 49 CFR 192.614(a) | 192-614-003 | Pending | Procedures to prevent damage by excavation activities were not available or were not followed. | | | | |

**Total Evaluations:** 1282

**Total Violations:** 2313