**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MARIA ROGERS, individually and as next friend of D.R., and as representative of LINDA MICHELLE ROGERS, decreased, JOSE FISCAL, and AMPARO CAMACHO, <br><br> Plaintiffs, <br><br> v. <br><br> ATMOS ENERGY CORPORATION, <br><br> Defendant. <br> ――――――――――――――― <br> GRISELDA PORTILLO, individually and as next friend of A.P. and A.P., ANDRES PORTILLO, and CLIFTON ROGERS, <br><br> Intervenors, <br><br> v. <br><br> ATMOS ENERGY CORPORATION, <br><br> Defendant. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ <br><br> Civil Action No. 3:18-cv-0869-M |

**ORDER**

Before the Court is Plaintiffs and Intervenors' Motion to Remand. (ECF No. 5). For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.   Factual and Procedural Background**

On February 23, 2018, Linda Rogers was killed by an explosion at her house, allegedly caused by gas leaking from a pipeline owned and operated by Defendant Atmos Energy Corporation. (Original Pet. at 3, ECF No. 1-15). Several members of her family were also

injured in the explosion, and they filed suit against Defendant for negligence[1] in Dallas County

Court at Law No. 3.  (*Id.* at 8-9, 11-12).  Plaintiffs also allege wrongful death, survival, and

bystander claims.  (*Id.* at 9).  Linda Rogers's father, Clifton Rogers, intervened and also asserted

a negligence claim against Defendant.  (Rogers Int. Pet. at 2, ECF No. 1-22).

A few hours before the explosion that killed Linda Rogers, there was another explosion at

a nearby house.  (Portillo Int. Pet. ¶ 4.2, ECF No 1-10).  Members of that house—Griselda

Portillo, Andres Portillo, and their daughters A.P. and A.P.—were injured, and they intervened in

this case, also asserting a negligence claim against Defendant.  (*Id.* ¶ 5.1).

Defendant removed the case on the basis of federal question jurisdiction.  (Not. of

Removal, ECF No 1).  Plaintiffs and Intervenors move to remand and seek attorney's fees and

costs incurred as a result of the removal.  (ECF No. 5).

## II.    Legal Standard

28 U.S.C. § 1441(a) permits a defendant to remove from state to federal court any civil

case over which federal courts have jurisdiction.  Federal courts have jurisdiction over cases

"arising under the Constitution, law, or treaties of the United States," otherwise known as federal

question jurisdiction.  *Id.* § 1331.  The basis for federal question jurisdiction must be found in the

allegations supporting a plaintiff's claim at the time of removal.  *Carpenter v. Wichita Falls

Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).[2]  The defendant bears the burden of showing

that federal question jurisdiction exists and that removal was proper.  *Manguno v. Prudential*

---

[1] Plaintiffs allege negligence, negligence per se, and gross negligence.  These all constitute a single cause of action. *See Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("Negligence per se is not a separate cause of action that exists independently of a common-law negligence cause of action."); *Nowzaradan v. Ryans*, 347 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("[O]rdinary negligence and gross negligence are not separate causes of action.").

[2] Federal question jurisdiction cannot be based on the defendant's answer or notice of removal.  *See Stump v. Potts*, 322 F. App'x. 379, 380 (5th Cir. 2009) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)).

*Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  If the court lacks jurisdiction, however, "the case shall be remanded."  28 U.S.C. § 1447(c).  Because removal raises significant federalism concerns, the removal statute is strictly construed, and "any doubt as to the propriety of removal should be resolved in favor of remand."  *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).  If the case is remanded, the plaintiff may seek payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

## III.    Analysis

### a.  Motion to Remand

Plaintiffs and Intervenors allege that Defendant was negligent; the parties do not dispute that negligence is a state law cause of action.  However, Defendant removed the case on the basis of federal question jurisdiction, arguing that Plaintiffs and Intervenors' negligence claims "rely exclusively on alleged violations of 27 cited federal regulations" to establish duty and breach of duty.  (Not. of Removal at 2; *see also* Resp. at 1, ECF No. 12).  Defendant asserts that the "case cannot be decided without construing these federal regulations and determining [what] they actually require."  (Resp. at 2).

Jurisdiction does not exist merely because federal regulations may be tangentially involved in a claim.  *See Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808 (1986).  Only in a "special and small category of cases" will jurisdiction exist when state law creates the cause of action.  *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017).  That limited category of jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.  *Gunn v. Minton*, 133 S. Ct.

1059, 1065 (2013).  "Where all four of these requirements are met . . . jurisdiction is proper

because there is a serious federal interest in claiming the advantages thought to be inherent in a

federal forum, which can be vindicated without disrupting Congress's intended division of labor

between state and federal courts."  *Id.*

Here, resolving a federal issue is not necessary to address Plaintiffs and Intervenors'

negligence claims.  A federal issue is "necessary" when a court must apply federal law to the

facts of a plaintiff's case.  *See Gunn*, 568 U.S. at 258.  Defendant argues that because Plaintiffs

and Intervenors are seeking to establish negligence per se based on violations of federal

regulations, the Court must resolve federal issues.  (Resp. at 15).  However, negligence per se is

merely one method of proving duty and breach of duty.  Plaintiffs and Intervenors also allege

that Defendant failed to exercise ordinary care through a variety of different acts and omissions,

which would require application of state common law.  (*See, e.g.*, Pl. Pet. at 7 ("Atmos has

designed practices and procedures that promote the formation of unabated leaks throughout its

system.")).  When state law provides an alternative ground for recovery, applying federal law is

not necessary to the resolution of the case.[3]  *See MSOF Corp.*, 295 F.3d at 490 (holding that

---

[3] Defendant argues that the resolution of federal issues is necessary, citing to prior cases from this Court.  (Resp. at 14).  In each of those cases, a plaintiff asserted a negligence claim arising from a gas explosion, and the claim was partly based on violations of federal regulations.  These cases do not support Defendant's contentions.  In *Delgado v. M. Lipsitz & Co.*, the parties agreed that the case necessarily raised a federal issue, and the Court never evaluated the question.  2014 WL 11456820, at *2 (N.D. Tex. Jan. 28, 2014).  In *Cryer v. Atmos Energy Corp.*, the case was remanded because the notice of removal was not timely filed, and the Court again did not decide whether resolution of federal issues was necessary.  No. 3:07-cv-1675-P, slip op. at *2 (N.D. Tex. Nov. 30, 2007).

Defendant also cites to *Elliot v. City of Holly Springs*, which presented similar facts to this case.  The *Elliot* court concluded, without more analysis, that "[p]laintiffs [sic] claims, though not stated as federal law claims, are based on federal law and therefore, it has subject matter jurisdiction over the present action."  2010 WL 2505599, at *3 (N.D. Miss. June 14, 2010).  *But see Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (rejecting that "the mere need to apply federal law in a state-law claim will suffice to" create federal question jurisdiction).  Because the *Elliot* court did not address the four requirements outlined above, the Court does not rely on its holding.  *See also Delgado,* 2014 WL 11456820, at *2 n.1 (rejecting *Elliot*); *Estate of Kelly Unruh v. Premier Hous. Inc.*, 2017 WL 235046, at *3 (D. Kan. Jan. 19, 2017) (same).

federal question jurisdiction did not exist where complaint alleged "violation[s] of federal regulations as well as ... violation[s] of state and local regulations" as the basis for the plaintiff's negligence claim).

Furthermore, the federal issues raised here are not substantial.  A substantial federal issue is one "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313.  The federal regulations cited in the pleadings supply only a standard of care for Plaintiffs and Intervenors' state law negligence claims. *Cf. Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation,[4] does not" support federal question jurisdiction.).  The involvement of federal regulations is limited to questions specific to the circumstances of this case: whether a regulation is the appropriate standard of care and, if so, whether Defendant violated it, proximately causing damages to Plaintiffs and Intervenors. *See Delgado*, 2014 WL 11456820, at *2.  A decision in this case would thus be unlikely to affect other cases involving the same regulations and would not be important to the federal system as a whole. *Compare Merrell Dow*, 478 U.S. at 261 (discussing how a case raising the "constitutional validity of an act of Congress" through a state law cause of action would implicate a substantial federal issue).  Indeed, this Court has consistently rejected federal question jurisdiction in similar cases. *See Delgado*, 2014 WL 11456820, at *3 ("The Delgados assert routine state law tort claims and look to federal law only to supply a standard of

---

[4] Congress has authorized some private actions through the Natural Gas Pipeline Safety Act, but such actions are for injunctive relief only. *See* 49 U.S.C. § 60121(a).  The fact that Congress authorized private actions only for injunctive relief , not for damages, strengthens the inference that the negligence claims here are more properly advanced in state court.

care. Such claims are properly in state court."); *City of Dallas v. Explorer Pipeline Co.*, 2003 WL 193444, at \*3 (N.D. Tex. Jan. 27, 2003) (no federal question jurisdiction where the plaintiff cited violations of federal environmental statutes to establish a standard of care for a negligence claim).[5]

Finally, exercising jurisdiction in this context would disturb the balance of federal and state judicial authority. Tort law is traditionally within the domain of state courts. "A general rule of exercising federal jurisdiction over state claims resting on federal . . . violations would . . . herald[] a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 319; *see also Merrell Dow*, 478 U.S. at 811-12 (finding it "improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law'"). As discussed, Plaintiffs and Intervenors assert routine negligence claims and cite federal regulations only to supply a standard of care. Negligence claims based on gas pipeline explosions will likely touch on federal regulations in some respect,[6] but there is no basis for opening all such claims to federal jurisdiction.

In sum, Plaintiffs and Intervenors' claims do not "arise under" federal law because resolving a federal issue is not necessary to resolution of the claims, the federal issue is not substantial, and federal jurisdiction would considerably intrude on state authority.

---

[5] Other courts have arrived at the same conclusion. *See Estate of Kelly Unruh*, 2017 WL 235046, at \*5 (remanding where "[t]he only basis for federal jurisdiction actually cited in the Complaint is the contention that the cited portions of the Pipeline Safety Act define the standard of care for [the plaitiffs'] state law claims"); *Timmons v. P F Enterprises, Inc.*, 2016 WL 6683539, at \*5 (D. Minn. Nov. 14, 2016).

[6] Texas has adopted by reference federal regulations on minimum pipeline safety standards. *See* 16 TEX. ADMIN. CODE § 8.1(b)(1).

### b. Attorney's Fees and Costs

Attorney's fees and costs should not be awarded when the removing defendant has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135 (2005). In applying this rule, district courts retain discretion to consider whether "unusual circumstances" warrant a departure from the rule in a given case. *Id.* Deciding questions of jurisdiction over state law claims is a "contextual enquiry" that "require[s] careful judgments." *Grable*, 545 U.S. at 317-18. Given the heavy focus on federal regulations in the pleadings and the lack of binding appellate precedent directly addressing the issue, it was not objectively unreasonable for Defendant to argue that this case presented a substantial federal issue giving rise to jurisdiction. *See also Basurto v. CitiMortgage, Inc.*, 2011 WL 5921559, at *3 (N.D. Tex. Nov. 28, 2011) (remanding but denying fees where the defendant's position was "was neither frivolous nor unjustified, but was instead prompted by Plaintiff's references in his petition to a federal statute"). Accordingly, Plaintiffs and Intervenors' request for attorney's fees and costs is denied.

## IV.   Conclusion

For the reasons stated above, Plaintiffs and Intervenors' Motion is **GRANTED IN PART** and **DENIED IN PART**. The case is remanded to the Dallas County Court at Law No. 3. Plaintiffs and Intervenors' request for attorney's fees and costs is denied.

**SO ORDERED.**

May 11, 2018.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**